IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPRING PHARMACEUTICALS, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-cv-04553 |
| | : | |
| | : | |
| RETROPHIN, INC., MARTIN SHKRELI, | : | |
| MISSION PHARMACAL COMPANY, and | : | |
| ALAMO PHARMA SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW, this  24th  day of June, 2019 upon consideration of Defendants' Motion to Compel The Deposition of Ms. Flora Hua And A Privilege Log (Doc. No. 63) and Plaintiff's Opposition thereto (Doc. No. 66), it is hereby ORDERED that Defendants' Motion to Compel the Deposition of Ms. Flora Hua is DENIED, and Defendants' Motion to Compel A Privilege Log is GRANTED.[1]

---

[1] On April 10, 2019, this Court stayed Defendants' motions to dismiss for ninety days to allow for discovery on the question "of whether Plaintiff Spring has standing to sue under Article III." Doc. No. 52 at 18.  On June 6, 2019, Defendants' filed the instant Motion to Compel The Deposition Of Ms. Flora Hua And A Privilege Log (Doc. No. 63).
    The Defendants' motion to compel the deposition of Ms. Hua is denied because Ms. Hua's deposition at this early juncture in the litigation is irrelevant to the issue of standing for two reasons.  First, she has no "unique or first-hand knowledge of the contested issues" and second, Defendants have not shown that "such evidence is not available from other sources within [Spring's] management ranks," such as from Spring's CEO, Mr. Charles Li, who Spring has made available as a Rule 30(b)(6) witness to testify on behalf of the Plaintiff company on the limited issue of Article III standing.  Faloney v. Wachovia Bank, N.A., No. 07-CV-1455, 2008 WL 11366180, at *2 (E.D. Pa. July 30, 2008).
    However, Defendants' motion to compel a privilege log is granted, only for documents relating to any investments made by Vannin Capital that

1

BY THE COURT:


s/ J. Curtis Joyner

_____

J. CURTIS JOYNER,     J.

---

it is withholding on the basis of attorney-client privilege and/or the work product doctrine, and only so far as these documents are integral and limited to the narrow jurisdictional question of whether Plaintiff has Article III standing to sue.  See Joint Stock Soc'y v. UDV N. Am., Inc., 266 F.3d 164, 176 (3d Cir. 2001) (holding that a question of whether Plaintiff is prepared to enter the relevant market is material to the question of Article III standing).  See also Joint Stock Soc'y v. UDV N. Am., Inc., 53 F. Supp. 2d 692, 705 (D. Del. 1999) (holding that to "elevate [a] controversy beyond anything more than a theoretical dispute between two companies that may, one day, find themselves competing with one another," "a plaintiff must show that it has taken adequate, meaningful, and active steps to prepare for its entry into the relevant market.").