Cyndie M. Chang (SBN 227542)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: +1 213 689 7400
Fax: +1 213 689 7401
E-mail:     cmchang@duanemorris.com

Attorneys for Non-Party
LESLEY ZHU

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLEY ZHU,<br><br>                    Movant,<br><br>          v.<br><br>RETROPHIN, INC., et al.,<br><br>                    Respondents. | Case No.: 2:19-mc-137<br><br>**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY LESLEY ZHU'S MOTION TO QUASH THE SUBPOENA AD TESTIFICANDUM AND TO TRANSFER THE MOTION TO QUASH PURSUANT TO FED. R. CIV. P. 45(F)**<br><br>Date:<br>Time:<br>Dept:<br><br>Judge:<br>Filed: |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................. 1

II.  PERTINENT FACTS ......................................................... 2

III. PROCEDURAL BACKGROUND.............................................. 3

    A.   The Pleadings in the Underlying Case ................................. 3

    B.   The Trial Court's Order Limiting Discovery to Jurisdictional Issues.................................................................... 5

IV.  ARGUMENT ................................................................. 6

    A.   The Court Should Transfer this Motion to the United States District Court for the Eastern District of Pennsylvania........................ 6

    B.   Motion to Quash - Legal Standard ....................................... 6

    C.   Retrophin's Subpoena Creates an Undue Burden on Ms. Zhu, and Should be Quashed Because Retrophin's Need for Ms. Zhu's Testimony, If at All, is Slight While Ms. Zhu's Burden is Substantial................................................................. 7

    D.   The Court Should Require Retrophin to Pay Ms. Zhu's Reasonable Attorney's Fees Because Retrophin's Subpoena Violates a Court Order. .................................................................... 11

V.   CONCLUSION ............................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*
   300 F.R.D. 406 (C.D. Cal. 2014) ..................................................................*Passim*

*Dart Industries Co., Inc. v. Westwood Chemical Co.*
   649 F. 2d 646 (9th Cir. 1980).............................................................................8

*Essociate, Inc. v. Blue Whaler Invs., LLC*
   No. CV 10-2107, 2012 U.S. Dist. LEXIS 197277 (C.D. Cal. Apr. 12,
   2012)............................................................................................................ 11-12

*Free Stream Media Corp. v. Alphonso Inc.*
   No. 17-cv-02107, 2017 U.S. Dist. LEXIS 202594 (N.D. Cal. Dec. 8,
   2017)..................................................................................................................10

*Moon v. SCP Pool Corp.*
   232 F.R.D. 633 (C.D. Cal. 2005) .......................................................................7

*Spring Pharmaceuticals, LLC v. Retrophin, Inc., et al.*
   2:18-cv-04553-JCJ (E.D. Pa.) ...........................................................................3

**Other Authorities**

Fed. R. Civ. P. § 12 ...............................................................................................2, 9

Fed. R. Civ. P. § 12(b)(1).................................................................................4-5, 8-9

Fed. R. Civ. P. § 12(b)(6) ....................................................................................4-5, 8

Fed. R. Civ. P. § 26 ....................................................................................................6

Fed. R. Civ. P. § 26(b)(1)............................................................................................6

Fed. R. Civ. P. § 26(b)(2)(C).......................................................................................7

Fed. R. Civ. P. § 45 ......................................................................................1, 6-7, 11

Fed. R. Civ. P. § 45(d)(1)....................................................................................6, 11

ii

Fed. R. Civ. P. § 45(d)(3)(A) ................................................................................6

Fed. R. Civ. P. § 45(f) ...................................................................................1, 6

Non-party Lesley Zhu, by and through her undersigned counsel, hereby submits this Memorandum of Law in Support of her Motion to Quash the Subpoena *Ad Testificandum* served upon her on June 17, 2019 (the "Subpoena") by Defendant-Respondent Retrophin, Inc. ("Retrophin") on behalf of itself and the other Defendants. Further, Ms. Zhu requests an Order requiring Retrophin to pay the reasonable attorneys' fees in preparing and filing this motion pursuant to Federal Rule of Civil Procedure 45 for Retrophin's failure to take reasonable steps to avoid imposing an undue burden or expense upon Ms. Zhu in seeking relief from its deposition subpoena. Ms. Zhu further moves the Court, pursuant to Fed. R. Civ. P. 45(f), to transfer this motion to the United States District Court for the Eastern District of Pennsylvania where the underlying litigation was filed and is pending.

## I. **INTRODUCTION**

Ms. Zhu moves to quash Retrophin's Subpoena for deposition testimony for the following reasons:

- Retrophin seeks testimony from Ms. Zhu, a non-party, that is outside of the limited scope of discovery ordered by District Judge J. Curtis Joyner in the underlying action;

- Retrophin seeks testimony from Ms. Zhu that is irrelevant to the underlying action, and is particularly irrelevant to the limited discovery allowed in the underlying action's jurisdictional issues by the trial court;

- Neither Ms. Zhu nor her employer, Prinston Pharmaceutical Inc., are referred to anywhere in the underlying action's Complaint, in Retrophin's motion to dismiss, or in Retrophin's reply brief in support of its motion to dismiss;

- Retrophin demands that Ms. Zhu, a non-party, travel several hours from her home and sit for a deposition in which she can offer no testimony on issues germane to the underlying case, and especially on the jurisdictional issues now before the trial court; and,

- Retrophin seeks testimony from Ms. Zhu that is duplicative and cumulative of documents produced by Spring to Retrophin and fully available in the testimony of Spring's principals.

Retrophin's Subpoena for Ms. Zhu's testimony is a fishing expedition of a non-party without any factual or legal predicate demonstrating the relevancy of her

testimony. Ms. Zhu and Prinston Pharmaceutical Inc. have cooperated with Retrophin in full compliance with Retrophin's separate documents subpoena, now withdrawn, but now oppose Retrophin's separately served deposition subpoena because nothing this witness can say is relevant to the limited discovery permitted by the trial judge on jurisdictional issues raised by Retrophin in its Rule 12 motion.

Counsel for Ms. Zhu have been in constant communication with Retrophin's counsel regarding the Subpoena, and have explained to Retrophin's counsel that Ms. Zhu's testimony is entirely irrelevant, duplicative, cumulative, and in clear violation of Judge Joyner's discovery Order. Retrophin's counsel has insisted on Ms. Zhu's deposition, and has refused to withdraw the Subpoena, thereby necessitating this motion.

## II. **PERTINENT FACTS**

Ms. Lesley Zhu is the Senior Vice President of Business Development & Portfolio for Prinston Pharmaceutical Inc. ("Prinston"). Prinston develops, manufactures, and markets a wide variety of generic prescription pharmaceuticals. Retrophin is a biopharmaceutical company focused on developing and manufacturing pharmaceutical drugs. One such drug is Tiopronin, sold by Retrophin under the brand name, Thiola. Thiola is a prescription drug used to treat patients suffering from a chronic genetic disease known as cystinuria, which causes recurring kidney stones. Retrophin was founded by its former CEO, Martin Shkreli.[1]

In or around August 2017, the Plaintiff in the underlying action, Spring Pharmaceuticals, LLC ("Spring"), contacted Prinston regarding the possibility of Prinston developing generic drugs for Spring. See Exh. F to the Declaration of Lesley

---

[1] Martin Shkreli is also a named defendant in the underlying action. Retrophin's counsel issuing the Subpoena, Philip M. Bowman, also represents Mr. Shkreli in the underlying action.

Zhu, attached hereto as Exhibit "1".[2]  Spring subsequently expressed its interest in discussing with Prinston the development of a generic version of Thiola.  During their preliminary discussions, Prinston and Spring drafted and revised, but never finalized or signed, a letter of intent.  See Exh. G to the Declaration of Lesley Zhu, Exh. "1".  On March 16, 2018, Ms. Zhu sent to Spring, on behalf of Prinston, a proposed timeline for the development and FDA review and approval of a generic version of Thiola. See Exh. H to the Declaration of Lesley Zhu, Exh. "1".  On May 24, 2018, however, Prinston was forced to withdraw from its discussions with Spring

**REDACTED\***   See Exh. I to the Declaration of Lesley Zhu, Exh. "1".

## III.   **PROCEDURAL BACKGROUND**

### A.   **The Pleadings in the Underlying Case**

On October 23, 2018, Plaintiff Spring filed a Complaint in the United States District Court for the Eastern District of Pennsylvania against Defendants Martin Shkreli, Retrophin, Inc., Mission Pharmacal Company, and Alamo Pharma Services, Inc., alleging, among other things, that Defendants violated the Sherman Act, state antitrust laws, and unfair competition laws.[3]  See Exh. B at ¶ 1. The gravamen of the complaint is that Spring, a pharmaceutical company, desired to bring a lower-cost,

---

[2] All of the documents reflecting these communication between Spring and Prinston have been produced by Spring to the Defendants in the underlying action.  Ms. Zhu has reviewed the documents produced by Spring and has concluded that Spring has produced all but one document between Prinston and Spring relating to Thiola.  *See* Exh. 1. The additional document, located in Prinston's records, has been produced by the undersigned counsel to Retrophin's counsel.

[3] The underlying action is captioned *Spring Pharmaceuticals, LLC v. Retrophin, Inc., et al.*, 2:18-cv-04553-JCJ (E.D. Pa.).  A true and correct copy of the Complaint is attached as Exhibit "B" to the Declaration of Lesley Zhu, attached hereto as Exhibit "1".

\*In the interest of expediency, this line has been redacted due to its designation of "Highly Confidential" by the parties in this case where there is a Protective Order issued by Judge Joyner, E.D. PA.  In anticipation of a possible transfer to that Judge, Non-Party Zhu can provide this line in accordance with that Court's procedure for sealing of documents or supplement this filing at this Court's discretion.

3

competing generic version of Defendants' drug, Thiola, to market, and that
Defendants refused to provide Spring with samples of Thiola to perform the necessary
bioequivalency testing required by the FDA, and thereby excluded Spring from the
marketplace. Exh. B at ¶¶ 1-3. Spring alleges that Defendants have therefore been
able to set and preserve monopoly-level prices, leaving patients, healthcare payors,
and taxpayers to suffer the effects of Defendants' illegal monopoly. *Id.* at ¶¶ 3-4.
Defendant Martin Shkreli is the founder and original CEO of Retrophin. *Id.* at ¶ 4.
Media reports about Thiola and extraordinary price hikes of Defendants'
pharmaceutical products are alleged and cited in the Complaint. *Id.* at ¶ 5.

Spring alleges in its Complaint that it is ready to begin the development of its
generic formulation of Thiola upon receipt of Thiola samples, and alleges that Spring
has begun discussions with pharmaceutical manufacturers and laboratories regarding
the development of a generic Thiola. *Id.* at ¶ 78. Spring alleges that it has been in
negotiations with multiple, experienced contract development and manufacturing
organizations ("CDMOs"), and has actually "reached an agreement with one CDMO
to perform the necessary development work once Spring is able to acquire the Thiola
samples required to advance the work." *Id.*

On January 15, 2019, Retrophin filed a motion to dismiss the complaint. A true
and correct copy of Retrophin's Motion to Dismiss is attached as Exhibit "C" to the
Declaration of Lesley Zhu, Exh. 1. Retrophin's motion to dismiss is divided into two
"Parts." "Part I is made pursuant to Federal Rule of Civil Procedure 12(b)(1)," and
"Part II is made pursuant to Federal Rule of Civil Procedure 12(b)(6)." Exh. C at pp.
1-2. Part I of Retrophin's motion to dismiss, pursuant to Rule 12(b)(1), argues that
Spring lacks constitutional standing in the absence of an alleged lack of actual injury-
in-fact to Spring. In support of its Rule 12(b)(1) argument, Retrophin alleges that
Spring is a young company, that it has never produced a drug, has no office, and only
has a public record of funding from a single financing firm. *Id.* at 13. In support of its

4

1  Rule 12(b)(6) argument in Part II, Retrophin argues that Spring lacks antitrust
2  standing because it is only a "prospective competitor to Retrophin" and has not
3  identified the CDMO with which Spring has contracted to produce a generic
4  formulation of Thiola. *Id.* at 19-20.

5        **B.    The Trial Court's Order Limiting Discovery to Jurisdictional Issues**
6        On April 9, 2019, the assigned trial judge, District Judge J. Curtis Joyner of the
7  Eastern District of Pennsylvania, ordered that the parties could conduct "discovery
8  limited to the jurisdictional issue raised on Defendants' Motions under Federal Rule
9  of Civil Procedure 12(b)(1)." A true and correct copy of the Court's April 9, 2019
10 Order is attached as Exhibit "D" to the Declaration of Lesley Zhu, Exh. 1. Over two
11 months later, on June 17, 2019, Retrophin served the Subpoena on Ms. Zhu,
12 scheduling her deposition for June 28, 2019. A true and correct copy of the Subpoena
13 is attached as Exhibit "A" to the Declaration of Lesley Zhu, Exh. 1.

14       Judge Joyner issued a second Order following a discovery conference on
15 Thursday, June 20, denying Retrophin's motion to compel the deposition of a former
16 Spring chief executive officer and reiterating the narrow scope of discovery in this
17 phase of the case. A true and correct copy of the Court's June 24, 2019 Order is
18 attached as Exhibit "E" to the Declaration of Lesley Zhu, Exh. 1. Judge Joyner denied
19 Retrophin's motion to compel the deposition of the former Spring officer, holding that
20 the officer's "deposition at this early juncture in the litigation is irrelevant to the issue
21 of standing for two reasons. First, she has no 'unique or first-hand knowledge of the
22 contested issues' and second, Defendants have not shown that 'such evidence is not
23 available from other sources within [Spring's] management ranks,' such as from
24 Spring's CEO, Mr. Charles Li." *See* Exh. E.

25       Counsel for Ms. Zhu has conferred with Defendants' counsel numerous times
26 since Ms. Zhu was served with the Subpoena, via telephone and e-mail, but
27 Defendants have refused to withdraw the Subpoena.

28

1  **IV.  ARGUMENT**

2      **A.  The Court Should Transfer this Motion to the United States District**

3          **Court for the Eastern District of Pennsylvania.**

4          Fed. R. Civ. P. 45(f) provides that "[w]hen the court where compliance is

5  required did not issue the subpoena, it may transfer a motion under this rule to the

6  issuing court if the person subject to the subpoena consents or if the court finds

7  exceptional circumstances."  The issuing court is the United States District Court for

8  the Eastern District of Pennsylvania, and Ms. Zhu consents to and requests the transfer

9  of this motion to that court.  District Judge J. Curtis Joyner is familiar with the

10  jurisdictional issues of the case and the arguments made by the parties during a

11  discovery conference on June 20, 2019 regarding the limited scope of discovery

12  allowed at this stage of the case, and has issued a second Order reaffirming its scope.

13      **B.  Motion to Quash - Legal Standard**

14          Subpoenas are governed in federal practice by Federal Rule of Civil Procedure

15  45, which provides that the court for the district where compliance is required *must*

16  quash or modify a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P.

17  45(d)(3)(A); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300

18  F.R.D. 406, 409 (C.D. Cal. 2014).  Rule 45(d)(1) requires the party responsible for

19  issuing and serving the subpoena to "take reasonable steps to avoid imposing undue

20  burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).

21  The court for the district where compliance is required *must* enforce this duty and

22  impose an appropriate sanction, which may include "reasonable attorney's fees," on a

23  party or attorney who fails to comply.  *Id.*

24          "The same broad scope of discovery set out in Rule 26 applies to the discovery

25  that may be sought pursuant to Rule 45." *Amini*, 300 F.R.D. at 409.  However, the

26  right to discovery, even plainly relevant discovery, is not limitless.  According to Rule

27

28

6

26(b)(1), all discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which in turn provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)). Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated the relevancy of the testimony sought by a subpoena as a factor when deciding motions to quash subpoenas. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

### C. Retrophin's Subpoena Creates an Undue Burden on Ms. Zhu, and Should be Quashed Because Retrophin's Need for Ms. Zhu's Testimony, If at All, is Slight While Ms. Zhu's Burden is Substantial.

Whether a subpoena imposes an undue burden on a particular witness is a "case specific inquiry." *Amini*, 300 F.R.D. at 409. "In determining whether a subpoena poses an undue burden, courts 'weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *Id.* (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)). "[C]oncern for the **unwanted burden thrust upon non-parties is a factor entitled to special weight** in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini*, 300 F.R.D. at 409 (emphasis added). "While discovery is a valuable right and should not be unnecessarily restricted, the

7

'necessary' restriction may be broader when a non-party is the target of discovery." *Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F. 2d 646 (9th Cir. 1980).

Relevance is but one factor a court may consider in weighing the need of the requesting party against the burden imposed upon the non-party, as well as the breadth or specificity of the discovery request. *Amini*, 300 F.R.D. at 409-10 (quashing subpoena because the value of the testimony sought was relatively low, and the burden on the individual was substantial). "Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Id.*

Here, Retrophin's Subpoena is a fishing expedition pursued under the overlay of Judge Joyner's April 9, 2019 Order. Judge Joyner's Order clearly limits discovery to "the jurisdictional issue raised on Defendants' Motions under Federal Rule of Civil Procedure 12(b)(1)." *See* Exh. D. Defendants make no mention of Prinston in its Rule 12(b)(1) argument against jurisdiction (*See* Exh. C at pp. 9-14); instead, Defendants raise issues with Spring's alleged contract with a CDMO in its Rule 12(b)(6) argument. *See* Exh. C at pp. 19-20. Since Prinston never contracted with Spring, the reference is to another entity, not Prinston.

Retrophin's counsel has made clear to undersigned counsel that they seek deposition testimony from Ms. Zhu on two distinct topics[4]: (1) Prinston's reasons for withdrawing from its discussions with Spring to develop a generic version of Thiola; and (2) evidence related to Prinston's ability to locate "samples of Thiola available for sale." See Exhibit "I" to the Declaration of Lesley Zhu, Exh. 1, for a true and correct copy of email correspondence between Retrophin's counsel and Ms. Zhu's counsel, dated June 24, 2019. Neither of these subjects relate to whether the District Court has jurisdiction to entertain Spring's lawsuit.

---

[4] Ms. Zhu has little knowledge about Spring, and would be unable to provide any relevant testimony as to any issue involved in the underlying action, especially at this phase of the case where discovery has been circumscribed by the trial court to the jurisdictional issues raised in the Defendants' Rule 12(b)(1) arguments.

1  Regarding Prinston's withdrawal from its preliminary discussions with Spring,

2  first, Prinston's reasons for withdrawing from discussions with Spring have nothing to

3  do with and are beyond the scope of Judge Joyner's Order limiting permissible

4  discovery at this stage of the case. By Judge Joyner's Order of April 9, discovery is

5  limited to the jurisdictional arguments raised in Defendants' motion to dismiss under

6  Rule 12(b)(1). Defendants in their Rule 12 motion make no Rule 12(b)(1) argument

7  regarding Spring's discussions with any other pharmaceutical manufacturers, let alone

8  Prinston. Further, even if Spring's contract with a CDMO were relevant on this issue,

9  Prinston is not the relevant or correct party. Prinston never entered into any contract

10  with Spring; instead, Spring contracted with another CDMO – not Prinston. *See* Exh.

11  B at ¶ 78; Lesley Zhu Declaration at ¶ 13. Moreover, District Judge Joyner has

12  already denied Retrophin's request for the deposition of a former Spring officer

13  because it was irrelevant to, and outside the scope of, the limited discovery allowed at

14  this "early juncture in the litigation." Exh. E. Surely, if testimony from a former

15  Spring chief executive officer is irrelevant to Spring's ability to enter the relevant

16  market, a non-party's testimony, such as Ms. Zhu's, is both irrelevant and beyond the

17  scope of allowable discovery.

18  Second, Prinston's reason for withdrawing from its discussions with Spring is

19  already set forth in an email from Lesley Zhu to Spring –  **REDACTED***

20  **REDACTED***

21  **REDACTED***  This document has been provided to Retrophin by

22  Spring, and Ms. Zhu has nothing to add to it. *See* Lesley Zhu Declaration at ¶¶ 11-12,

23  14, 17-18. The document speaks for itself. Any testimony related to Prinston's

24  withdrawal is outside the scope of Judge Joyner's Order, is not relevant to

25  *In the interest of expediency, this line has been redacted due to its designation of "Highly
Confidential" by the parties in this case where there is a Protective Order issued by Judge Joyner,

26  E.D. PA. In anticipation of a possible transfer to that Judge, Non-Party Zhu can provide this line in
accordance with that Court's procedure for sealing of documents or supplement this filing at this

27  Court's discretion.

28

1 Defendants' jurisdictional argument or any other defense, and is duplicative and

2 cumulative of discovery already produced to Retrophin by Spring and/or its deposition

3 witnesses. Accordingly, requiring Ms. Zhu to attend a deposition more than two

4 hours from her home is an unwarranted and undue burden, and the proposed testimony

5 has absolutely no bearing upon Defendants' jurisdictional claims.

6       Likewise, Prinston's ability or inability to procure Thiola samples is even

7 farther outside the scope of Judge Joyner's April 9, 2019 Order. **Spring's** ability to

8 obtain Thiola samples goes directly to the merits of the case – Spring alleges that

9 Retrophin has refused to provide Spring with Thiola samples in violation of various

10 antitrust laws. Exh. B at ¶¶ 2-4. That is what is at issue in the underlying case, and

11 Spring's witnesses are available and can testify fully on this issue. Prinston's ability

12 or inability as a non-party to this case to obtain Thiola samples is entirely irrelevant to

13 Retrophin's jurisdictional argument, and, indeed, to any issue in this case. Exh. C at

14 pp. 9-14. The substantial burden imposed upon Ms. Zhu for such clearly irrelevant

15 testimony substantially outweighs any need by Retrophin for this testimony.

16       Finally, the timing of Retrophin's subpoena adds to Ms. Zhu's burden and

17 detracts from whatever need Retrophin claims for her testimony. Although the

18 "question of whether the time to comply with a subpoena is a fact-specific inquiry;

19 courts generally have found that fewer than ten days is not reasonable." *Free Stream*

20 *Media Corp. v. Alphonso Inc.*, No. 17-cv-02107, 2017 U.S. Dist. LEXIS 202594, at

21 *12 (N.D. Cal. Dec. 8, 2017). Serving the Subpoena on June 17th, with the deposition

22 scheduled for June 28th, leaves Retrophin right on the cusp of unreasonableness.

23 Compliance here by the witness is required within eleven days, which may or may not

24 be unreasonable, but surely adds to Ms. Zhu's burden. Moreover, courts have held

25 that service of a subpoena at the end of the time allotted for discovery "undermines

26 any claim that [] testimony is essential to [the subpoenaing party's] defense." *Amini*

27

28

MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY LESLEY ZHU'S MOTION TO QUASH THE
SUBPOENA AD TESTIFICANDUM AND TO TRANSFER THE MOTION TO QUASH PURSUANT TO FED. R.
CIV. P. 45(F)

*Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 411 (C.D. Cal. 2014). Here, discovery was ordered on April 9, 2019, and allowed to proceed for ninety days, until July 8, 2019. *See* Exh. D. Retrophin waited for sixty-nine days to serve Ms. Zhu with the Subpoena, and now expects Ms. Zhu to drop everything within eleven days of being served with the Subpoena, and to travel hours to sit for an unnecessary deposition. Retrophin's delay in seeking and scheduling her testimony undermines any claim that Ms. Zhu's testimony is essential to Retrophin's defenses. *See Amini*, 300 F.R.D. at 411.

"Preparing and sitting for a deposition is always a burden, even when documents are not requested, particularly for a non-party." *Amini*, 300 F.R.D. at 411. Retrophin's Subpoena creates an undue burden upon Ms. Zhu, and must be quashed because Retrophin's need for Ms. Zhu's testimony is non-existent (and clearly outside the scope of the trial court's permitted discovery as well), while Ms. Zhu's burden in complying with the Subpoena is substantial.

**D.  The Court Should Require Retrophin to Pay Ms. Zhu's Reasonable Attorney's Fees Because Retrophin's Subpoena Violates a Court Order.**

Pursuant to Federal Rule of Civil Procedure 45, a court must "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to" take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1); *see also Essociate, Inc. v. Blue Whaler Invs., LLC*, No. CV 10-2107, 2012 U.S. Dist. LEXIS 197277, at *7-8 (C.D. Cal. Apr. 12, 2012) (quashing subpoena and awarding reasonable attorneys' fees to subpoenaed non-party where the subpoenaing party issued a subpoena that violated a court order and disregarded appropriate and valid objections to the subpoena). Here, Retrophin's Subpoena seeks testimony that is entirely outside the scope of and violates Judge Joyner's April 9 Order. Further, Ms.

1  Zhu, through her undersigned counsel, has objected to the Subpoena and explained

2  through her counsel to Retrophin's counsel the lack of relevance, the undue burden,

3  and Retrophin's violation of Judge Joyner's Order by insisting upon her deposition.

4  Retrophin has disregarded these objections, and its position with respect to the

5  objections are "not justified in either law or fact." *See Essociate, Inc. v.*, No. CV 10-

6  2107, 2012 U.S. Dist. LEXIS 197277, at *7-8. Accordingly, Ms. Zhu is entitled to

7  and should be awarded her reasonable fees and costs for having to prepare and file this

8  motion.

9  **V.    CONCLUSION**

10      For the reasons stated above, non-party Ms. Lesley Zhu respectfully requests

11  that the Court issue an Order Transferring Ms. Zhu's Motion to Quash the Subpoena

12  to the United States District Court for the Eastern District of Pennsylvania where the

13  Underlying Litigation was filed and is pending. Ms. Lesley Zhu further requests that

14  the United States District Court for the Eastern District of Pennsylvania, or

15  alternatively this Court, grant Ms. Zhu's Motion to Quash the Subpoena and order

16  Retrophin to pay Ms. Zhu's reasonable attorney's fees and costs in preparing and

17  filing this Motion.

18

19  Dated: June 27, 2019        **DUANE MORRIS LLP**

20                              By: *s/ Cyndie M.Chang*
                                    Cyndie M. Chang
21                                  Attorneys for Non-Party Lesley Zhu

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY LESLEY ZHU'S MOTION TO QUASH THE
SUBPOENA AD TESTIFICANDUM AND TO TRANSFER THE MOTION TO QUASH PURSUANT TO FED. R.
CIV. P. 45(F)